FILED
APR 0 7 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN CRAIG FRIEND,                          Civil No. 07-493-PK

       Petitioner,              FINDINGS AND RECOMMENDATION

   v.

BRIAN BELLEQUE,

      Respondent.


   ROBERT HAMILTON
   9220 S.W. Barbur Blvd., #119
   Portland, OR  97210

      Attorney for Petitioner

   HARDY MYERS
   Attorney General
   JACQUELINE KAMINS
   Assistant Attorney General
   Oregon Department of Justice
   1162 Court Street, NE
   Salem, OR  97301

      Attorneys for Respondent


   1 - FINDINGS AND RECOMMENDATION -

PAPAK, Magistrate Judge.

Petitioner, Brian Craig Friend, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions and sentence for thirteen sex offenses.  For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) should be denied, and judgment should be entered dismissing this action with prejudice.

## BACKGROUND

In March 1997, Friend was indicted on fourteen counts following allegations he sexually abused his girlfriend's three children, ages five, six and seven.  After a bench trial in October 1997, the court found Friend guilty of one count of Rape in the First Degree, one count of Attempted Rape in the First Degree, six counts of Sodomy in the First Degree, and five counts of Sexual Abuse in the Second Degree.  The court sentenced Friend to a total of 765 months imprisonment, with ten years post-prison supervision, through a combination of consecutive and concurrent sentencing. (#17, Ex. 101.)

At trial, the two older children testified regarding the events that gave rise to the charges against Friend.  Defense counsel cross-examined only the oldest child.  (#44, Mem. at 10.) Defense counsel objected to the youngest of the three children testifying and, after the prosecutor asked her a few questions, the court agreed the child was not competent to testify.  (*Id.*)

Medical personnel who examined the children testified that physical findings and disclosures by the children were consistent with sexual abuse. (#45, Response at 2.) The children's mother and a child protective service worker, who was present during the physical exams and interviewed the children the following day, also testified regarding the children's disclosures. (*Id.*; #44, Mem. at 7.)

Friend directly appealed his convictions and sentencing, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Friend*, 170 Or.App. 159, 10 P.3d 335 (2000), *rev. denied*, 331 Or. 429, 26 P.3d 148 (2000).

Friend filed a Second Amended Petition for Post-Conviction Relief, presenting numerous ineffective assistance of counsel claims, including that counsel had failed to prepare for examination or cross-examination of witnesses. (#17 Ex. 108, claim 1 m.) The PCR court denied relief. (#17 Exs. 122, 124.) The Oregon Court of Appeals summarily affirmed on the defendant's motion, and the Oregon Supreme Court denied review. (#17, Exs. 127, 128, 130.)

On April 3, 2007, Friend filed a Petition for Writ of Habeas Corpus in this Court (#1), with pages from his state post-conviction petitions attached to articulate numerous claims, including claims of ineffective assistance of counsel. (#1, App.

3 - FINDINGS AND RECOMMENDATION -

1 and 2.)  In his Memorandum, Friend withdraws all claims but one:
trial counsel was ineffective when he failed to prepare for
examination or cross-examination of witnesses.  (#44, Mem. at 3.)
He contends the PCR trial court decision denying relief was an
unreasonable application of *Strickland v. Washington*, 466 U.S. 668
(1984).  Respondent asserts Petitioner's claim is unexhausted and
procedurally defaulted and, in any case, without merit.  The Court
need not determine whether Petitioner's claim was fairly presented
to Oregon's appellate courts because, as discussed below, the claim
fails on the merits.  *See* 28 U.S.C. § 2248(b)(2) ("An application
for writ of habeas corpus may be denied on the merits,
notwithstanding the failure of the applicant to exhaust the
remedies available in the courts of the State.")

## DISCUSSION

A.    Standard of Review

A habeas petitioner is not entitled to relief in federal court
unless he demonstrates that the state court's adjudication of his
claim:

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The terms "contrary to" and "unreasonable application" have

independent meanings. *Sarausad v. Porter*, 479 F.3d 671, 676 (9th Cir. 2007). A state court decision is "contrary to" clearly established federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent. *Williams, v. Taylor*, 529 U.S. 362, 388 (2000). An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) *cert. denied*, 126 S. Ct. 484 (2005) (citing *Williams*, 529 U.S. at 413). "A federal court making an 'unreasonable application' inquiry should ask whether the state court's application of federal law was objectively unreasonable." *Saurasad*, 479 F.3d at 676-77 (citing *Williams*, 529 U.S. at 409). Thus, federal courts apply a "highly deferential standard for evaluating state-court rulings." *Id.* at 676 (internal citations omitted).

"'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974. The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002). The decision of the state PCR trial court is the basis for review in the instant proceeding.

5 - FINDINGS AND RECOMMENDATION -

B.    Ineffective Assistance of Counsel

A federal claim of ineffective assistance of counsel requires that the petitioner prove his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91; *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The reviewing court evaluates counsel's performance based on the facts of the particular case, viewed as of the time of counsel's conduct. *Strickland*, 466 U.S. at 689-90. ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight."). A petitioner's failure to prove either the performance prong or the prejudice prong will cause the claim to fail. *Strickland*, 466 U.S. at 697.

C.    Analysis

Friend asserts the PCR court decision denying his claim was an unreasonable application of *Strickland*, making habeas relief available. He argues trial counsel's decision regarding the cross-examination of the child witnesses was objectively unreasonable, while clearly stating he "does not dispute the state post-conviction court's factual finding - that trial counsel made a strategic decision to limit his cross-examination of the children." (#44, Mem. at 8, 10.) The issue before this Court is whether, as

Friend asserts, it was an unreasonable application of *Strickland* for the PCR court to deny him relief. *See Wood v. Allen*, 130 S.Ct. 841, 851 (2010) ("Whether the state court reasonably determined that there was a strategic decision under § 2254(d)(2) is a different question from whether the strategic decision itself was a reasonable exercise of professional judgment under *Strickland* or whether the application of *Strickland* was reasonable under § 2254(d)(1)."). Upon review of the record, this Court concludes the PCR court was not unreasonable in its application of *Strickland*.

Under *Strickland*, "the performance inquiry must be whether counsel's assistance was reasonable considering all of the circumstances." 466 U.S. at 688. "[S]crutiny of counsel's performance must be highly deferential." *Id*. at 689. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[,]" and a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689-690 (internal quotation omitted). "[C]ounsel's tactical decisions at trial, such as refraining from cross-examining a particular witness . . . are given great deference . . . ." *Dows v. Wood*, 211 F.3d 480, 487 (9th Cir. 2000); *see also Knowles v. Mirzayance*, 129 S.Ct. 1411, 1420 (2009) (informed strategic choices are virtually unchallengeable.)

The PCR court made a factual determination that trial counsel's approach to limit the cross-examination of the child witnesses was a strategic choice. The state court record, particularly Friend's PCR deposition testimony, provides evidence trial counsel approached the children's cross examination as he did in order to minimize the potential for the cross-examination to negatively impact his client. (#17, Ex. 114 at 35.) In the absence of any contradictory or conflicting evidence, it was more than reasonable for PCR court to conclude that counsel's handling of the children's cross-examination was a strategic choice, and Friend does not challenge this finding. (#44, Mem. at 8.)

The PCR court did not make an explicit finding that trial counsel's cross-examination of the child witnesses was reasonable, but the finding is implicit in the PCR court's conclusion, "(5) Trial counsel provided reasonable and adequate legal representation to petitioner. Trial counsel employed reasonable professional skill and judgment in his representation of petitioner. Petitioner has failed to establish a factual or legal basis of inadequate representation." (#17, Ex. 123 at 7.) Moreover, there is no evidence in the state PCR court record to suggest Friend proved counsel's cross-examination fell below objective standards of reasonableness, or that he was prejudiced by counsel's strategic decision. In his PCR deposition Friend speculated that more aggressive cross-examination would have advanced his defense, but

mere speculation is not enough. *Gonzalez v. Knowles*, 515 F.3d 1006, 1016 (9th Cir. 2008) (citing *Grisby v. Blodgett*, 130 Ff.3d 365, 373 (9th Cir. 1997)).  In his memorandum to this Court, Friend contends that the state's expert witnesses vouched for the credibility of one of the child witnesses and argues counsel should have objected to the vouching.  However, counsel's failure to object to the expert's vouching gives rise to a distinct claim, requiring different proof from the claim Friend presented to this Court: trial counsel was ineffective when he failed to prepare for examination or cross-examination of witnesses.  (#44, Mem. at 3.) Thus, it is not properly presented.

Under *Strickland*, failure to prove either the performance prong or the prejudice prong causes a claim to fail.  As Friend failed to prove either, this Court concludes it was neither contrary to nor an unreasonable application of *Strickland* for the PCR court to deny him relief on his claim of ineffective assistance of counsel.

## CONCLUSION

For the reasons stated above, the Petition for Writ of Habeas Corpus (#1) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due fourteen (14) days from service

9 - FINDINGS AND RECOMMENDATION -

of the Findings and Recommendation.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendations are not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 7th day of April, 2010

Paul Papak
United States Magistrate Judge

10 - FINDINGS AND RECOMMENDATION -